UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALIBU MEDIA, LLC,

      Plaintiff,

vs.                                                        Case No. 8:13-cv-00472-T-27EAJ

JASON STERLING,

      Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion to Strike Defendant Jason Sterling's Affirmative Defenses (Dkt. 15). Plaintiff moves for an order striking Defendant's Third Affirmative Defense (Invalid/Unenforceable Copyrights), Fifth Affirmative Defense (Implied License), Sixth Affirmative Defense (Failure to Mitigate Damages), Seventh Affirmative Defense (Misuse of Copyright), and Tenth Affirmative Defense (Barring of Statutory Damages) on the ground that they are insufficiently pled and/or invalid as a matter of law. Defendant consents to the striking of his Fifth and Tenth Affirmative Defenses, but argues that his Third, Sixth, and Seventh Affirmative Defenses are sufficient and should not be stricken.

      Affirmative defenses are subject to the general pleading requirements of Rule 8(a), Federal Rules of Civil Procedure. *See, e.g., Mid-Continent Cas. Co. v. Active Drywall South, Inc.*, 765 F.Supp.2d 1360, 1361 (S.D. Fla. 2011); *Microsoft Corp. v. Jesse's Computers and Repair, Inc.*,

211 F.R.D. 681, 684 (M.D. Fla. 2002).[1] At a minimum, an affirmative defense must contain allegations sufficient to give the plaintiff fair notice of the defense and the grounds upon which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1998) ("[t]he purpose of Rule 8(c) is ... to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it").[2]

**Third Affirmative Defense:** "Plaintiff's copyrights are invalid and/or unenforceable."

Defendant's Third Affirmative defense is conclusory and lacks factual allegations sufficient to satisfy the pleading requirements of Rule 8, Federal Rules of Civil Procedure. As a result, this defense will be stricken.

**Sixth Affirmative Defense:** "To the extent Plaintiff suffered any damages, which Defendant expressly denies; Plaintiff has failed to take the steps necessary to mitigate the damages sustained."

Defendant's Sixth Affirmative defense is conclusory and lacks factual allegations sufficient to satisfy the pleading requirements of Rule 8, Federal Rules of Civil Procedure. As a result, this defense will be stricken. Moreover, the defense of failure to mitigate damages is generally inappropriate when a party seeks only statutory, as opposed to actual, damages. *See, e.g., Moothart*

---

[1] While the Eleventh Circuit has not addressed whether the *Iqbal* and *Twombly* standard applies to affirmative defenses and district courts have reached different conclusions, *see Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 U.S. Dist. LEXIS 79366, at *5 (M.D. Fla. July 21, 2011) (citing district court decisions addressing the pleading standard applicable to affirmative defenses), Defendant appears to concede the applicability of *Iqbal* and *Twombly*, *see* Memorandum in Opposition (Dkt. 17), p. 2 n.4-5. Moreover, Defendant's affirmative defenses would fail even under the pre-*Twombly* standard. *See Jackson v. Bellsouth Telcomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (conclusory allegations and unsupported conclusions of fact are not sufficient to withstand dismissal).

[2] In addition, an affirmative defense may be stricken if the defense is insufficient as a matter of law. A defense is insufficient as a matter of law only if (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. *See Anchor Hocking Corp. v. Jacksonville Electric Auth.*, 419 F.Supp. 992, 1000 (M.D. Fla. 1976); *Microsoft Corp.*, 211 F.R.D. at 683.

*v. Bell,* 21 F.3d 1499, 1506-07 (10th Cir. 1994) (Employee Retirement Income Security Act); *Fillichio v. M.R.S. Associates, Inc.,* No. 09-61629-CIV, 2010 WL 4261442, at *4 (Oct. 19, 2010) (Telephone Consumer Protection Act); *Arista Records, Inc. v. Flea World, Inc.,* 356 F.Supp.2d 411, 422 (D. N.J. 2005) (Copyright Act).

**Seventh Affirmative Defense:** "Plaintiff's claims are barred by the doctrine of misuse of copyright."

Defendant's Seventh Affirmative defense is conclusory and lacks factual allegations sufficient to satisfy the pleading requirements of Rule 8, Federal Rules of Civil Procedure. As a result, this defense will be stricken.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Defendant Jason Sterling's Affirmative Defenses (Dkt. 15) is **GRANTED**. Defendant's Third, Fifth, Sixth, Seventh, and Tenth Affirmative Defenses are **STRICKEN** without prejudice to Defendant's ability to file amended defenses within **twenty (20) days** from the date of this Order.

**DONE AND ORDERED** this 16th day of July, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record